UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRACTIONAL OWNERSHIP HOLDINGS, LLC, <br><br>                           Plaintiff, <br><br>         v. <br><br> JEFFREY GANGL, <br><br>                           Defendant. | <u>ORDER</u> <br><br> No. 24-CV-9036 (RA) |
| JEFFREY GANGL, <br><br>                           Plaintiff, <br><br>         v. <br><br> FRACTIONAL OWNERSHIP HOLDINGS, LLC and PHILIP NEUMAN, <br><br>                           Defendants. | No. 24-CV-9371 (RA) |

RONNIE ABRAMS, United States District Judge:

      Pending before the Court is the parties' joint motion to consolidate case numbers 24-CV-9036 (the "Fractional Action") and 24-CV-9371 (the "Gangl Action"). For the reasons set forth below, the parties' joint motion is granted.

      Federal Rule of Civil Procedure 42 permits a court to consolidate actions when they "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). "The trial court has broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). A district court may grant consolidation where it "serves the interest of judicial economy and avoids unnecessary costs or delay," so long as "confusion or prejudice does not outweigh efficiency concerns." *Crowe v. JPMorgan Chase & Co.*, No. 09 Civ. 778, 2009 WL

3852381, at *2–*3 (S.D.N.Y. Nov. 18, 2009) (internal quotation marks omitted and alterations adopted).

In 2023, Fractional Ownership Holdings, LLC ("Fractional"), a company owned by Philip Neuman, hired Jeffrey Gangl to serve as its Chief Executive Officer. *See* Gangl Action Am. Compl. ¶¶ 4–7, ECF No. 21; Fractional Action Am. Compl. ¶¶ 8, 18, ECF No. 22. Fractional alleges that Gangl (1) breached his employment agreement, (2) breached his fiduciary duties, and (3) fraudulently induced Neuman and Fractional to hire him by making false representations. Fractional Action Am. Compl. ¶¶ 33–49. Gangl claims that Fractional and Neuman (1) breached contracts between the parties, including Gangl's employment agreement; (2) breached the employment agreement's implied covenant of good faith and fair dealing; (3) are liable for promissory estoppel; and (4) committed violations of New York City Human Rights Law, New York Labor Law, and the New York Anti-SLAPP Law. Gangl Am. Compl. ¶¶ 185–221. The parties principally dispute the basis for Gangl's termination and whether it occurred with or without cause pursuant to his employment agreement. Motions to dismiss are pending in both actions. *See* Gangl Action, ECF No. 24; Fractional Action, ECF No. 25.

Accordingly, the Court finds that these actions present common questions of law and fact and that their consolidation would promote judicial economy. Because this motion is uncontested, consolidation does not present a risk of prejudice to either party. *Cf. KeyBank Nat'l Ass'n v. Franklin Advisers, Inc.*, 600 B.R. 214, 224 (S.D.N.Y. 2019) ("[G]iven the identical procedural posture of these two cases and the fact that consolidation is not contested, there is no risk of prejudice to the parties."). The parties' joint motion to consolidate is therefore granted.

The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 35 in case number 24-cv-9371 and to consolidate the two actions under case number 24-CV-9036.

Furthermore, in light of the parties' submission of amended complaints, the motions to dismiss the first complaint filed in each action are hereby denied as moot. The Clerk of Court is respectfully directed to terminate the motions pending in 24-CV-9036 at ECF No. 13 and in 24-CV-9371 at ECF No. 16.

SO ORDERED.

Dated:   June 11, 2025
         New York, New York

                                            _____
                                            Ronnie Abrams
                                            United States District Judge