

**TRION LAW**

305 Broadway, 7th Fl., New York, NY 10007

T 610.608.3304

www.trionlaw.com

Steven B. Jacobs, Esq.
Steve@TrionLaw.com
February 9, 2026

**VIA ECF**

The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square, Room 1506
New York, NY 10007

If counsel for Gangl wishes to respond to the motion for a stay discovery, they shall do so no later than February 17, 2026 in a letter not to exceed three pages.

SO ORDERED.

Hon. Ronnie Abrams
February 10, 2026

> **Re:** ***Gangl v. Fractional Ownership Holdings, LLC et al.; No. 1:24-cv-09371 (RA) ex. rel. Fractional Ownership Holdings, LLC v. Gangl; No. 1:24-cv-09036 (RA)***

Dear Judge Abrams:

We represent Defendants Philip Neuman ("Neuman") and Fractional Ownership Holdings, LLC ("Fractional", together with Neuman, the "Fractional Parties") in the above-captioned consolidated actions.  Pursuant to our discussion with Your Honor during our February 5, 2026 conference and Your Honor's Individual Rule 3, we respectfully submit this letter motion to stay all discovery in these consolidated matters pending the resolution of the Fractional Parties' Motion to Dismiss Jeffrey Gangl's ("Gangl") Amended Complaint (Case No. 1:24-cv-09371, ECF No. 21 (the "Complaint") and No. 25 (the "Motion")).

Courts within the Second Circuit consider three primary factors in determining whether to stay discovery during the pendency of a dispositive motion: (1) the strength of the motion; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay.  *See FB Select, LLC v. Green Market Health Food, LLC et al*, Case No. 1:24-cv-09791 at ECF No. 30 (Abrams, J.) (granting stay).  As set forth below, each of these factors weighs heavily in favor of a stay here.

### I. The Fractional Parties' Dispositive Motion Is Likely To Be Successful

First and foremost, Gangl has no legal basis whatsoever to name Neuman as a defendant in this lawsuit.  Neuman should not be burdened with discovery during the pendency of a dispositive motion as to his involvement.  Moreover, as best set forth in the Fractional Parties' reply in further support of its motion to dismiss Gangl's claims (Case No. 1:24-cv-09371, ECF No. 56, the "Reply"), the Fractional Parties' motion to dismiss dispositively challenges the legal sufficiency of every cause of action asserted by Gangl.

1



305 Broadway, 7th Fl., New York, NY 10007

T 610.608.3304

www.trionlaw.com

**A. Philip Neuman Must Be Dismissed from the Case.**  Gangl seeks to satisfy a personal vendetta by imposing personal liability on Mr. Neuman through a baseless veil-piercing theory. But New York law requires allegations of independent fraud or wrongdoing beyond a mere breach of contract.  (Reply at 2.)  Gangl's Complaint alleges only routine aspects of closely held corporations—such as shared offices or personal use of company drivers—but fails to allege anything close to the type of fraud or injustice that is required to pierce the corporate veil. Because the only "wrong" alleged is the (supposed) contract breach itself, the veil-piercing theory fails as a matter of law.

**B. Each of Plaintiff's Claims Is Factually and Legally Deficient.** As detailed in the Reply, Gangl's claims against Fractional must also be dismissed:

- **Claim 1, Breach of Contract (Severance Pay, Bonus, and Reimbursement):** Gangl complains that he did not receive nearly a half-million dollars in severance after several months of work (Complaint ¶ 187).  But even assuming *arguendo* that Gangl was terminated without cause, this claim is barred by his employment contract (Case 1:24-cv-09036, ECF No. 1-1, the "Contract").  Section 5(c) of the Contract plainly requires that Gangl execute a release as a condition precedent to receiving severance pay.  He did not.  Thus, Gangl's claim for severance fails as a matter of law.  Nor is Gangl entitled to any bonus.  As set forth in the Reply, Plaintiff fails to allege performance targets were established (let alone achieved), or that the Board approved any bonus.  This was a condition precedent to a bonus, so his claim fails.  Similarly, his reimbursement claims fail for lack of documentation and failure to meet the reimbursement deadline.  (Reply at 3.)

- **Claim 2, Breach of Alleged Verbal Loan Agreement:** The alleged $455,000 oral loan agreement is unenforceable under the Statute of Frauds (*see* Reply at 5-6.)  Relatedly and in any event, it is far too indefinite to be enforced.  (Reply at 4-5.)

- **Claim 3, Promissory Estoppel:** This claim is duplicative of the contract claims and fails as a mere "agreement to agree."  (Reply at 7.)  Pre-contractual discussions without definitive terms cannot create a cause of action for promissory estoppel.  (*Id.*)

- **Claim 4, Breach of Implied Covenant of Good Faith:** This claim must be dismissed as legally redundant because it is based on the same operative facts and seeks the same damages as the breach of contract claim.  (Reply at 8.)

- **Claim 5, NYCHRL (Discrimination):** As a New Jersey resident who worked from home, Plaintiff cannot satisfy the "impact" requirement as a matter of law because he fails to allege concrete discriminatory impact within New York City.  (Reply at 8-9.)

- **Claim 6, NYLL § 740 (Whistleblower):** This claim is deficient because it concerns a private contractual dispute rather than a report of actual illegal activity that could support a whistleblower claim.  (Reply at 9.)



305 Broadway, 7th Fl., New York, NY 10007
T 610.608.3304
www.trionlaw.com

- **Claim 7, Anti-SLAPP Statute:** This claim fails as a matter of law because, *inter alia*, the underlying dispute is a purely private matter regarding employment obligations, not a matter of public concern.  (Reply at 9-10.)

In short, all of Gangl's claims are subject to dismissal.  This strongly weighs in favor of a discovery stay.

**II. Discovery Will Be Fundamentally Narrowed by the Resolution of the Motion**

The second factor, the breadth of discovery, also strongly favors a stay. By way of example, Gangl served *eighty-five* sprawling document requests.  Gangl is attempting to use these invasive requests--which are reflective of Gangl's broad, unmeritorious, and highly malicious allegations—to permit intrusive searches into Mr. Neuman's personal financial history, unrelated business ventures, and even his attorney-client relationship with his personal lawyer (among many other things). The resolution of the Motion will drastically narrow these issues (at minimum).  Staying discovery ensures the parties do not expend hundreds of thousands of dollars on ESI protocols, document production, and depositions that will likely be rendered irrelevant.

**III. A Stay Advances Proportionality and Judicial Economy with Zero Prejudice**

A stay of all discovery in these consolidated actions is appropriate to ensure that judicial resources are focused only on the legally cognizable claims.  A stay will advance the goals of proportionality by waiting until the Court has shaped the nature of this litigation going forward.

Gangl will experience no prejudice.  To the contrary, Gangl will *benefit* by saving immense time and resources that would be expended on discovery ultimately rendered moot by the resolution of the pending motions.

**Conclusion**

For the reasons set forth above, Defendants respectfully request that the Court stay all discovery in these consolidated actions pending resolution of the Fractional Parties' Motion.

Respectfully submitted,

*/s/ Steven B. Jacobs*

Steven B. Jacobs
**Trion Law PLLC**

*Counsel for Fractional and Neuman*

3