UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRACTIONAL OWNERSHIP HOLDINGS, LLC,

Plaintiff,

v.

JEFFREY GANGL,

Defendant.

24-CV-9036 (RA)

MEMORANDUM
OPINION & ORDER

JEFFREY GANGL

Plaintiff,

v.

FRACTIONAL OWNERSHIP HOLDINGS, LLC, PHILIP NEUMAN,

Defendants.

24-CV-9371 (RA)

RONNIE ABRAMS, United States District Judge:

Fractional Ownership Holdings, LLC ("Fractional") and Philip Neuman (collectively the "Fractional Parties") seek a stay of discovery in two consolidated actions before the Court, pending the Court's resolution of their motion to dismiss. 24-CV-9036, Dkt. No. 61 ("Fractional Parties Mot. for Stay"). Jeffrey Gangl, who is a plaintiff in one of the consolidated cases—brought against both Fractional and Neuman—and a defendant in another—brought solely by Fractional—opposes. 24-CV-9036, Dkt. No. 63 ("Gangl Opp'n"). For the reasons set forth below, the Fractional Parties' motion to stay discovery is denied. The Clerk of Court is respectfully ordered to lift the stay in both of the above captioned cases.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(c), "a district court has considerable discretion to

stay discovery" upon "a showing of good cause." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018).[1]  "Two related factors a court may consider in deciding a motion for a stay of discovery are the breadth of discovery sought and the burden of responding to it.  Finally, a court should also consider the strength of the dispositive motion that is the basis of the discovery stay application." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002).

## BACKGROUND

The two cases before the Court relate to the same contract and employment dispute.  Gangl is Fractional's former Chief Executive Officer (CEO).  Neuman is Fractional's owner and Gangl's former employer.  Fractional first sued Gangl, alleging that he breached his employment contract with fiduciary duties owed to Fractional by doing business with his former employer after becoming Fractional's CEO.  Gangl, in a second lawsuit now consolidated with Fractional's, sued both Fractional and Neuman.  He alleges that the Fractional Parties breached his contract and violated state law in their treatment of termination of him.  He alleges, among other things, that Neuman engaged in a pattern of inappropriate workplace conduct and mismanagement of Fractional and that the Fractional Parties discriminated against him for taking time away from work to care for his sick child.  The Fractional Parties have moved to dismiss in the case in which they are defendants, and Gangl has moved to dismiss in the case in which he is the defendant.  The Fractional Parties filed a motion to stay discovery in both proceedings pending the resolution of the motions to dismiss.

## DISCUSSION

The Fractional Parties' principal argument is that Neuman should not be subject to the burdens of discovery because their motion to dismiss Neuman from the case is, in their view, likely to succeed. Fractional Parties' Mot. for Stay at 1–3.  This is unpersuasive.  "Even assuming" Neuman is dismissed,

---

[1] Unless otherwise indicated, this memorandum opinion and order omits all internal quotation marks, citations, footnotes, omissions, emphases, and alterations in quoted text.

"it is likely that [Gangl] will continue to conduct discovery regarding [Neumann] as [a] non-part[y]." *Hollins v. U.S. Tennis Ass'n*, 469 F.Supp. 2d 67, 79 (E.D.N.Y. 2006) (denying stay of discovery because "the absence of a stay would not create an undue burden on the moving defendants" and because "[d]iscovery of the moving defendants is inevitable regardless of the outcome of their motion to dismiss.").

The Fractional Parties further argue that a stay of discovery is appropriate because each of Gangl's claims are "[f]actually and [l]egally [d]efficient." Fractional Parties Mot. for Stay at 2. They further argue that Gangl's discovery requests are "invasive" and would require wasteful ESI protocols, document productions, and depositions. *Id.* at 3. These arguments too are unavailing. As Gangl notes, the Fractional Parties have already begun document production without objecting to any of the discovery requests that they now cast as "invasive." Gangl Opp'n at 2–3. Furthermore, without weighing in on the ultimate disposition of the motions to dismiss, there appear to be factual disputes which may preclude a complete dismissal of the consolidated cases.

## CONCLUSION

For the foregoing reasons, the motion for a stay of discovery is denied. The Clerk of Court is respectfully directed to close the motion pending in 24-CV-9036 at Docket Number 61 and to lift the stay in both of the above captioned cases.

SO ORDERED.

Dated:  June 29, 2026
        New York, New York

_____
Ronnie Abrams
United States District Judge

3